# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE LUIS VALENCIA, JR.,

    *Petitioner*,

vs.

ROBERT LAGRAND, *et al.*,

    *Respondents*.

3:13-cv-00413-LRH-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

### *Background*

    The papers on file and the online docket records of the state supreme court reflect the following.

    According to the petition, petitioner Jose Valencia was convicted, pursuant to a guilty plea, of second-degree murder. The petition states that the judgment of conviction was filed on June 27, 2007, and that petitioner did not file a direct appeal. The time for doing so accordingly would expire on July 27, 2007.

    According to the state supreme court's May 7, 2010, order in No. 55317 in that court, petitioner filed a motion to vacate the judgment of conviction more than two years after the judgment. The court held that to the extent that Valencia sought to withdraw his plea, the motion was barred by laches. The court further held that to the extent that Valencia sought to modify or correct an illegal sentence, his

1  claims fell outside the narrow scope of claims considered on such a motion. The remittitur on the
2  appeal issued on August 9, 2010.
3        According to the state supreme court's June 12, 2013, order in No. 62060 in that court, Valencia
4  filed a motion to withdraw guilty plea on July 6, 2012. The court held that the motion was barred by
5  laches. The remittitur on the appeal issued on July 8, 2013.
6        On or about July 30, 2013, petitioner mailed the federal petition to the Clerk for filing.

### *Discussion*

8        Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the
9  question of whether the petition is time-barred for failure to file the petition within the one-year
10 limitation period in 28 U.S.C. § 2244(d)(1).
11       Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled
12 or subject to delayed accrual, begins running after "the date on which the judgment became final by the
13 conclusion of direct review or the expiration of the time for seeking such direct review."
14       In the present case, the limitation period therefore began running after the time expired for
15 taking a direct appeal, *i.e.*, after July 27, 2007. Absent tolling or delayed accrual, the limitation period
16 expired one year later on Monday, July 28, 2008, five years before the constructive filing of the federal
17 petition.
18       Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the
19 pendency of a properly filed application for state post-conviction relief or for other state collateral
20 review. However, an untimely state proceeding does not statutorily toll the federal limitation period.
21 *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Moreover, absent other tolling or delayed accrual, it
22 appears that: (a) the federal limitation period expired prior to the filing of petitioner's first state court
23 post-judgment motion; and (b) approximately 23 months passed between the August 9, 2010, issuance
24 of the remittitur as to the first motion and the July 6, 2012, filing of the second motion.
25       Petitioner therefore must show cause in writing why the petition should not be dismissed with
26 prejudice as time-barred.
27       In this regard, petitioner is informed that the one-year limitation period may be equitably tolled.
28 Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights

1  diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.
2  *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles*
3  *v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling
4  is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th
5  Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).  The petitioner
6  ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065.  He accordingly
7  must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his
8  filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney*
9  *General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

10  Petitioner also is informed that, under certain circumstances, the one-year limitation period may
11  begin running on a later date or may be statutorily tolled.  See 28 U.S.C. § 2244(d)(1)(B), (C) & (D)
12  & (d)(2).

13  Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual
14  innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*,
15  tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable
16  doubt, as to all of the charges pending against him in the case prior to the plea.   *See McQuiggin v.*
17  *Perkins*, 133 S.Ct. 1924 (2013);  *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S.
18  614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

19  IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition.

20  IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall
21  SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred.  If
22  petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-
23  barred without further advance notice.  If petitioner responds but fails to show – with specific, detailed
24  and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

25  IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this
26  show-cause order must be detailed, must be specific as to time and place, and must be supported by
27  competent evidence.  The Court will not consider any assertions of fact that are not specific as to time
28  and place, that are not made pursuant to a declaration under penalty of perjury based upon personal

1 knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED that the Clerk shall file the motion for appointment of counsel accompanying the petition.[1]

DATED this 23rd day of May, 2014.

                                       LARRY R. HICKS
                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court does not find that the interests of justice require the appointment of counsel prior to a response to the show-cause order. The motion will remain under submission pending further review.