UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE LUIS VALENCIA, JR.,<br><br>                *Petitioner*,<br><br>vs.<br><br>ROBERT LEGRAND, *et al.*,<br><br>                *Respondents*. | 3:13-cv-00413-LRH-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1) as well as on petitioner's motion (#7) for appointment of counsel. This order follows upon an earlier show-cause order (#5) and petitioner's response (#10).

***Background***

The papers on file and the online docket records of the state courts reflect the following procedural history, which is not disputed by petitioner.

According to the petition, petitioner Jose Valencia was convicted, pursuant to a guilty plea, of second-degree murder. The petition states that the judgment of conviction was filed on June 27, 2007, and that petitioner did not file a direct appeal. The time for doing so accordingly would expire on July 27, 2007.

According to the state supreme court's May 7, 2010, order in No. 55317 in that court, petitioner filed a motion to vacate the judgment of conviction more than two years after the judgment. The court held that to the extent that Valencia sought to withdraw his plea, the motion was barred by laches. The

court further held that to the extent that Valencia sought to modify or correct an illegal sentence, his claims fell outside the narrow scope of claims considered on such a motion. The remittitur on the appeal issued on August 9, 2010.

According to the state supreme court's June 12, 2013, order in No. 62060 in that court, Valencia filed a motion to withdraw guilty plea on July 6, 2012. The court held that the motion was barred by laches. The remittitur on the appeal issued on July 8, 2013.

On or about July 30, 2013, petitioner mailed the federal petition to the Clerk for filing.

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

***Base Calculation of the Limitation Period***

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the limitation period therefore began running after the time expired for taking a direct appeal, *i.e.*, after July 27, 2007. Absent tolling or delayed accrual, the limitation period expired one year later on Monday, July 28, 2008, five years before the constructive filing of the federal petition.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state proceeding does not statutorily toll the federal limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Moreover, absent other tolling or delayed accrual, it appears that: (a) the federal limitation period expired prior to the filing of petitioner's first state court post-judgment motion; and (b) approximately 23 months passed between the August 9, 2010, issuance of the remittitur as to the first motion and the July 6, 2012, filing of the second motion.

The federal habeas petition therefore is untimely on its face, absent other tolling or delayed accrual.

***Petitioner's Response***

Petitioner's arguments do not establish a potentially viable basis for overcoming the expiration of the federal limitation period.

First, petitioner urges that he "is serving a sentence of one felony count of second degree murder, which is of a complex factual and legal nature amounting to life with the possibility of parole after ten (10) years." Neither the length of petitioner's sentence nor the alleged complexity of the issues in the case provide a basis for overcoming the untimeliness of his petition. All federal habeas petitioners are subject to the one-year limitation period, without regard to the length of their sentence or the alleged complexity of their case.

Second, petitioner contends that, under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), a procedural default will not bar a claim of ineffective assistance of counsel if the petitioner did not have counsel in the initial-review collateral proceeding. Petitioner confuses the procedural default doctrine – which pertains to state procedural bars applied by the state courts – with the federal limitation period, which concerns the timeliness of the filing of the federal petition in federal court. The Court's show-cause order included no discussion of the procedural default doctrine. The show-cause order instead quite clearly informed petitioner that his petition was subject to dismissal for untimeliness under § 2244(d)(1) and outlined the applicable law as to *that* issue. *Martinez* has nothing to do with the application of the federal limitation period.[1]

Third, petitioner contends that under *Johnson v. Uribe*, 682 F.3d 1238 (9th Cir. 2012), *amended and superseded on rehearing*, 700 F.3d 413 (9th Cir. 2012), the appropriate remedy for a counsel's failure to provide effective assistance during plea negotiations is to vacate the guilty plea. Be that as it may be, the remedy that a petitioner might have obtained *if* he had filed a timely petition is irrelevant if he did not. Nothing in *Johnson* has any relevance to application of the federal limitation period.

---

[1] Indeed, *Martinez* has nothing to do with the application of a *state* limitations period if the inmate fails to file a timely state post-conviction petition in the first instance. *Martinez* addresses the equitable effect of a state court not appointing a petitioner counsel on a filed state petition in connection with the procedural default of a claim of ineffective assistance of counsel. Nothing in *Martinez* remotely suggests that the states in effect are required to appoint *pre-filing* counsel for all inmates following their convictions to assure the timely filing of state – much less federal – petition. *Martinez*, again, has nothing to do with the issue before the Court under the show-cause order.

1    Fourth, petitioner contends that he has raised an issue of ineffective assistance of counsel
2 pursuant to *Missouri v. Frye*, 132 U.S. 1399 (2012). A petitioner's reliance upon a fairly recent
3 Supreme Court decision would be relevant to the limitation period only to establish delayed accrual
4 under 28 U.S.C. § 2244(d)(1)(C). Under that provision, the federal limitation period will run on a claim
5 from "the date on which the constitutional right asserted was initially recognized by the Supreme Court,
6 if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases
7 on collateral review." The Ninth Circuit has held in an analogous context that *Frye* does not state a new
8 rule of constitutional law that applies retroactively to cases on collateral review. *See Buenrostro v.*
9 *United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *see also Baker v. Ryan*, 2012 WL 5853777, at **2
10 (9th Cir. Nov. 16, 2012), *cert. denied*, 133 S.Ct. 2867 (2013)(applying the *Buenrostro* holding in an
11 unpublished decision directly to § 2244(d)(1)(C)).[2] *Frye* thus does not render the petition timely.

12    In his fifth through ninth contentions, petitioner maintains that defense counsel failed to explain
13 the plea bargain, that he was coerced into signing the plea agreement, that counsel failed to
14 communicate a plea offer allegedly in violation of *Frye*, that there was an insufficient factual basis for
15 his plea, and that counsel failed to interview or investigate any of the State's witnesses. All of these
16 merit arguments completely beg the question. Petitioner's federal petition is untimely. An untimely
17 petition is dismissed with prejudice, without reaching the merits.

18    In his tenth contention, petitioner maintains that he had no legal assistance and that the Lovelock
19 Correctional Center used a "paging system" to provide access to prison legal resources rather than direct
20 physical access to the law library. This Court has held, following an extensive review of the issue, that
21 the mere fact that a prison uses a paging system to provide access to legal resources without active legal
22 assistance does not provide a basis for equitable tolling in and of itself. *See Felix v. McDaniel*, 2012
23 WL 666742, at *5-9 (D. Nev. Feb. 29, 2012). Petitioner's bare assertion – following a show-cause
24 order expressly requiring a factually detailed response – that the prison law library uses a paging system
25 for legal resource access and does not provide active legal assistance therefore does not present a

---

[2] The Court notes in passing that both the Ninth Circuit and the Supreme Court of Nevada recognized the claim well before *Frye*. *See, e.g., Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003); *Larson v. State*, 104 Nev. 691, 766 P.2d 261 (1988). Petitioner clearly did not have to wait for *Frye* to pursue the claim.

-4-

potentially viable basis for equitable tolling. Inmates incarcerated at Lovelock Correctional Center continue to file timely federal petitions, and petitioner makes no showing that he made requests for materials that were denied that caused him to file a federal petition *five years* late.

Petitioner's alleged ignorance of the law otherwise does not provide a basis for equitable tolling during that period of time. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner asks rhetorically: "If ignorance of the law continues to be no excuse for petitioner, then what is petitioner's attorney's excuse for not securing his due process rights?" The answer to petitioner's rhetorical query is that petitioner is arguing the merits – the alleged ineffectiveness of defense counsel at the time of his plea in 2007 – when the issue instead is petitioner's failure to file a federal petition until approximately six years after his guilty plea. The relevant issue at this point is not the alleged inaction of defense counsel more than half a decade ago but instead is petitioner's failure to timely pursue federal habeas relief. Under the Congressional directive in 28 U.S.C. § 2244(d), petitioner first must file a timely federal habeas petition in order to challenge the adequacy of his defense counsel's representation at the time of his plea more than six years prior to the filing of this action. He did not do so.

The Court further has reviewed petitioner's letter submitted with the response, which does not state facts pursuant to a declaration under penalty of perjury. The factual assertions therein regarding petitioner's efforts to obtain the discovery file and in seeking state relief do not establish a basis for equitable tolling. Petitioner sought relief in two state court proceedings with a 23 month gap between the end of the first proceeding and the beginning of the first. These state court proceedings confirm that no extraordinary circumstance stood in the way of and prevented petitioner from also previously seeking federal habeas relief. Nor does petitioner's bare assertion that he experienced delays in obtaining the discovery file from defense counsel establish a basis for equitable tolling for half a decade. *See Waldron-Ramsey*, 556 F.3d at 1014 (the petitioner's lack of access to all of his files did not provide a viable basis for equitable tolling because he could have filed a timely original petition and then sought to amend to allege additional information).

Petitioner otherwise urges conclusorily that he is actually innocent and that a failure to review the merits of his claims would result in a fundamental miscarriage of justice.

A petitioner may overcome the untimeliness of a federal petition only upon a showing of actual innocence satisfying the standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*). In order to satisfy this actual innocence equitable exception, a petitioner must come forward with new reliable evidence that was not presented at a trial that, together with the evidence adduced or that would have been adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See, e.g., Schlup*, 513 U.S. at 329. The evidence need not be newly discovered, but it must be "newly presented." *See Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and it "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332. Moreover, in the context of a conviction entered on a plea, the petitioner must come forward with such evidence not only as to the charges as to which he entered a plea, but, in addition, as to other charges pending against him in the case prior to the plea, including charges dismissed pursuant to the plea deal. *See Bousley v. United States*, 523 U.S. 614 (1998).

Petitioner maintains that he is innocent and that he told his attorney that he was innocent but that he entered a guilty plea to second-degree murder with a sentence of ten to life because his attorney would not defend him adequately. This bare self-serving assertion by a convicted inmate who pled guilty and is facing a lengthy prison sentence does not present new reliable evidence that would satisfy the narrow *Schlup* actual innocence gateway.

Nor do the affidavits from various family members and friends of family members present new reliable evidence that would satisfy the *Schlup* standard. Petitioner's aunt attests that defense counsel told her that petitioner was innocent and that the prosecution did not have the evidence to convict him. Such a hearsay statement by a relative as to what defense counsel allegedly said would not constitute admissible evidence of innocence at a trial. Such testimony directly by defense counsel himself would not constitute admissible evidence of innocence at a trial. The same conclusions hold true with regard

to petitioner's brother's assertion that defense counsel told him that "he felt Henry Allan Camacho was in fact involved and that there were things within this case that suggested Joey was innocent."

What petitioner has not presented is any evidence from a percipient witness with actual direct personal knowledge of the crime to which he pled guilty. He presents no competent evidence tending to establish specific facts that would establish that more likely than not no reasonable juror would have found him guilty in the face of such evidence when considered together with the State's evidence.

The affidavits otherwise discuss, *inter alia*, alleged improper action and inaction by defense counsel, alleged adverse pretrial publicity, and other matters that do not constitute evidence of actual innocence. As the Court has indicated multiple times herein, petitioner cannot overcome the untimeliness of the federal petition by arguing the merits of the untimely claims.

Petitioner accordingly has not presented specific factual assertions, much less evidence, that would tend to satisfy the actual-innocence equitable exception to the federal limitation period. Petitioner cannot establish that a failure to review the merits of his petition would result in a fundamental miscarriage of justice without satisfying the *Schlup* gateway with actual specific evidence – not merely a bare assertion – of actual innocence.

The petition therefore will be dismissed with prejudice as untimely.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice as untimely.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the petition as untimely to be debatable or wrong. The federal petition is untimely by over five years. As discussed herein, petitioner's arguments in response to the show-cause order in the main beg the question, as he directs extensive argument to matters such as the merits of his untimely claims. Petitioner has not presented specific facts in response to the show cause order that would establish that extraordinary circumstances stood in the way of and prevented the filing of a federal petition over a five year period. Petitioner filed two state proceedings during this time with a 23 month gap between the first and second state proceedings. Petitioner has presented only a bare assertion of actual innocence by himself and family members without tendering any competent evidence of actual innocence.

1  IT FURTHER IS ORDERED that petitioner's motion (#7) for appointment of counsel is DENIED. Petitioner has not presented a viable basis for overcoming the federal limitation period and/or for an evidentiary hearing regarding same. The Court does not find that the interests of justice require the appointment of counsel in this clearly untimely federal action.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall provide notice of this order by informal electronic service upon respondents through Attorney General Catherine Cortez Masto, along with regenerated notices of filing of all prior filings herein, as per the Clerk's current practice. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

DATED this 13th day of August, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE